

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-11-2008

# Hodges v. Sobina

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4098

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hodges v. Sobina" (2008). *2008 Decisions.* Paper 1758.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1758

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-86                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4098

———————

ALONZO HODGES,

Appellant

v.

RAYMOND SOBINA, Superintendent; LEO GLASS, Captain; WILLIAM MAILMAN,
Unit Manager; GERALD ROZUM, Superintendent; D.P. PASERBA, Lieutenant;
DAVID HUNTER, Unit Manager; MS. PRINKEY, Unit Manager

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 05-cv-00369J)
District Judge:  Honorable Gary L. Lancaster

———————

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 20, 2007

Before:  AMBRO, FUENTES and JORDAN, <u>Circuit</u> <u>Judges</u>

(Filed: January 11, 2008)

———————

OPINION

———————

PER CURIAM

    Alonzo Hodges, a Pennsylvania state prisoner proceeding <u>pro</u> <u>se</u>, appeals a District

Court order granting summary judgment for prison officials and employees in his civil rights action. We will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

The record reflects that Hodges filed a grievance because a Unit Manager, Ms. Prinkey, assigned him to a cell with an inmate who smoked. According to Hodges, he was moved to the cell because his former cell-mate complained about his snoring. Hodges then filed a grievance against Lieutenant Paserba, who allegedly threatened him after he challenged a visitation policy. Several weeks after the second grievance was filed, Unit Manager David Hunter ordered Hodges' transfer from AB-Block to J-Block, where Hodges had been housed previously. While on J-Block waiting for his cell, a J-Block inmate named Molina assaulted and injured Hodges.

In his complaint, Hodges claimed that Hunter transferred him in retaliation for his grievances, and knowingly exposed him to an attack by Molina. Hodges also claimed that prison officials and employees failed to protect him from the assault. Finally, Hodges claimed that the defendants denied him access to the courts.

The District Court granted summary judgment for the defendants on Hodges' retaliation claim, holding that there was no evidence suggesting that Hodges was transferred so that Molina could assault him in retaliation for his grievances. The District Court further held that, even absent the grievances, the defendants would have made the same transfer decision based on Hodges' complaints about his cell assignment. This appeal followed.

In support of their summary judgment motion, the defendants submitted discovery

2

responses reflecting that Hodges was moved to AB-Block because of a need for bed space in the J-Block and because Hodges had the appropriate custody level to move to AB-Block, an extended privileges unit. Hunter stated that he was not aware of a need to separate Hodges and Molina, that he discussed the move to J-Block with Hodges before the transfer, and that Hodges did not mention a problem with Molina. Hunter also stated that a determination was made to return Hodges to J-Block because he did not appear to be adjusting to the unit, and that it was the practice of the AB-Block to return inmates to their unit of origin if they were removed from the AB-Block.

Although Hodges averred that he was transferred from J-Block to AB-Block to be separated from Molina, there is no evidence supporting this contention. Absent any evidence showing that the defendants knew that a transfer would expose Hodges to harm, the District Court did not err in granting summary judgment for the defendants on his retaliation claim. See Carter v. McGrady, 292 F.3d 152, 157058 (3d Cir. 2002).[1]

Similarly, we agree with the District Court that summary judgment was warranted on Hodges' Eighth Amendment failure to protect claim because Hodges did not produce evidence showing that any named defendant knew that Molina presented a threat to his safety if he returned to J-Block. See Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (stating that a prison official must know of and disregard an excessive risk to

---

[1]Hodges does not contend that the transfer to J-Block was retaliatory because inmates there had fewer privileges. His claim is premised on the alleged knowing exposure to harm by Molina.

3

inmate heath or safety to be liable on a deliberate indifference claim).[2]

Finally, the District Court properly granted summary judgment on Hodges' access to courts claim. Hodges alleged that his confinement in the Restricted Housing Unit after Molina assaulted him resulted in the dismissal of another lawsuit and hampered his appeal. He stated that he did not have his legal property, access to the law library, or adequate supplies. The record reflects that the District Court adjudicated Hodges' other lawsuit before he was transferred to the AB-Block. Although his appeal was decided after he was transferred back to the J-Block, Hodges did not establish that his restricted confinement affected his efforts to pursue a non-frivolous legal claim on appeal. See Christopher v. Harbury, 536 U.S. 403, 415-17 (2002).

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[2]There is evidence that defendant Glass, a prison Captain, was aware of the earlier confrontation between Hodges and Molina, but there is no evidence that Glass was involved in the decision to transfer Hodges back to J-Block.

4